UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

BLUE CREEK PRODUCE, LLC

Plaintiff

v.

BIG CITY PRODUCE, INC.

and

MAURICIO RODRIGUEZ

and

STANLEY FORREST

and

JUN LI

and

MARIAN COHEN

and

INDUMATI KOTHARI t/a
BIG CITY TROPICAL CORP.

Defendants

Civil No. 07cv7849 (LTS)(FM)

**COMPLAINT**

Blue Creek Produce, LLC (hereinafter referred to as "Plaintiff"), for its Complaint against Defendants, alleges:

JURISDICTION AND VENUE

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5), 7 U.S.C. §499g(b), (hereafter "the PACA") and 28 U.S.C. §1331.

2. Venue in this District is based on 7 U.S.C. §499g(b) and 28 U.S.C. §1391 in that (a) Plaintiff's claims arose in this District and (b) Defendants' principal place of business is in this District.

PARTIES

3. Plaintiff is a corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce. At all times pertinent herein, Plaintiff was licensed as a dealer under the provisions of PACA.

4. a. Defendant, Big City Produce, Inc. (hereinafter referred to as "Big City"), is a New York corporation with a principal place of business in Bronx, New York, and was at all times pertinent herein, a purchaser of wholesale quantities of produce subject to and licensed under the provisions of the PACA.

b. At all times relevant hereto, Mauricio Rodriguez, Stanley Forrest, Jun Li and Marian Cohen, upon information and belief, were and are the officers and directors of Big City who controlled the day-to-day operations of Big City and, as such, were and are in positions of control over the PACA trust assets belonging to Plaintiff.

c. Defendant Indumati Kothari is an individual doing business as Big City Tropical Produce Corp. (Big City Tropical) with a principal place of business in Bronx, New York and was at all times pertinent herein, a purchaser of wholesale quantities of produce and is subject to and licensed under the provisions of PACA.

GENERAL ALLEGATIONS

5. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. §499e(c).

6. Between October 30, 2006 and October 31, 2006, Plaintiff sold and delivered to Defendants, in interstate commerce, $22,507.50 worth of wholesale quantities of produce.

7. Defendants failed and refused to pay for the produce when payment was due, despite repeated demands, and presently owe Plaintiff $22,507.50.

8. At the time of receipt of the produce, Plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

9. Plaintiff preserved its interest in the PACA trust in the amount of $22,507.50 by sending invoices to Defendants containing the language required by 7 U.S.C. §499e(c)(4) and remains a beneficiary until full payment is made for the produce. (Copies of the invoices are attached hereto as Exhibit 1.)

10. Upon information and belief, Big City Produce Inc. ceased operations in January 2007 and transferred certain assets to Defendant Big City Tropical.

11. Plaintiff filed a complaint against defendant Big City Tropical before the Secretary of Agriculture ("Secretary") under Section 6(a) of the PACA, 7 U.S.C. §499f(a), in the amount of $22,507.50.

12. On or about June 20, 2007, the Secretary issued an Order awarding reparations to Plaintiff and against Defendant Big City Tropical in the amount of $22,507.50 plus interest at the rate of 4.98% per annum from December 1, 2006 pus $300.00. A copy of the Order is attached hereto as Exhibit 2.

13. Defendants' failure and refusal to pay show that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

Count 1

(Failure to Pay Reparation Award – Defendant Indumati Kothari t/a Big City Tropical Corp.)

14. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15. Pursuant to Section 7(d) of the PACA, 7 U.S.C. §499g(d), the PACA license of Big City Tropical to do business has been automatically suspended by failing to pay the reparation award.

16. Pursuant to Section 8(b) of the PACA, 7 U.S.C. §499h(b), as a result of the suspension of the PACA license of Big City Tropical, defendant Indumati Kothari is prohibited from being affiliated in any way with a produce business unless he posts a bond in the amount approved by the Secretary of Agriculture

17. Plaintiff seeks judgment on the Order of the Secretary under Section 7(b) of the PACA, 7 U.S.C. §499g(b).

Count 2

(Failure to Pay Trust Funds)

18. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 17 above as if fully set forth herein.

19. The failure of Defendants to make payment to Plaintiff of trust funds in the amount of $22,507.50 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

Count 3

(Failure to Pay For Goods Sold)

20. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 19 above as if fully set forth herein.

21. Defendants failed and refused to pay Plaintiff $22,507.50 owed to Plaintiff for produce received by Defendants from Plaintiff.

Count 4

(Unlawful Dissipation of Trust Assets by
a Corporate Official – Mauricio Rodriguez)

22. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 21 above as if fully set forth herein.

23. Defendant Mauricio Rodriguez operated Big City during the period of time in question and was in a position of control over the PACA trust assets belonging to Plaintiff.

24. Defendant Mauricio Rodriguez failed to direct the corporation to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce supplied.

25. Defendant Mauricio Rodriguez's failure to direct the corporation to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

26. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its right as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

Count 5

(Unlawful Dissipation of Trust Assets by
a Corporate Official –Stanley Forrest)

27. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 26 above as if fully set forth herein.

28. Defendant Stanley Forrest operated Big City during the period of time in question and was in a position of control over the PACA trust assets belonging to Plaintiff.

29. Defendant Stanley Forrest failed to direct the corporation to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce supplied.

30. Defendant Stanley Forrest's failure to direct the corporation to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

31. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its right as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

Count 6

(Unlawful Dissipation of Trust Assets by
a Corporate Official –Jun Li)

32. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 31 above as if fully set forth herein.

33. Defendant Jun Li operated Big City during the period of time in question and was in a position of control over the PACA trust assets belonging to Plaintiff.

34. Defendant Jun Li failed to direct the corporation to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce supplied.

35. Defendant Jun Li's failure to direct the corporation to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

36. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its right as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

Count 7

(Unlawful Dissipation of Trust Assets by
a Corporate Official –Marian Cohen)

37. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 36 above as if fully set forth herein.

38. Defendant Marian Cohen operated Big City during the period of time in question and was in a position of control over the PACA trust assets belonging to Plaintiff.

39. Defendant Marian Cohen failed to direct the corporation to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce supplied.

40. Defendant Marian Cohen's failure to direct the corporation to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

41. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its right as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

Count 8

(Unlawful Possession and Failure to Pay PACA Trust Funds
And Declaratory Judgment Indumati Kothari)

42. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 41 above as if fully set forth herein.

43. Upon information and belief, Big City transferred PACA trust assets belonging to Plaintiff to Big City Tropical.

44. Said payments or transfers to Big City Tropical by Big City were made in breach of defendants statutory obligations under the trust provisions of the PACA.

45. Big City Tropical knew or should have known that said payments and transfers were made in breach of Big City's statutory trust obligations under the PACA.

46. Big City Tropical is presently holding trust assets belonging to Plaintiff, which he refuses to turn over to plaintiff.

47. The retention and receipt by Big City Tropical of trust assets belonging to Plaintiff is a violation of PACA, and the regulations promulgated thereunder, and is unlawful.

Count 9
(Successor Liability – Big City Tropical)

48. Plaintiff incorporates each and every allegation set forth in paragraphs 1-47 above as if fully set forth herein.

49. Big City Tropical has continued to operate the business of produce wholesale operations since Big City ceased operations.

50. On information and belief, Big City Tropical has operated his wholesale produce business continuously since the closure of Big City from the former business location of Big City.

51 On information and belief, Big City Tropical has paid certain charges, such as utilities and insurance, formerly paid by Big City, with respect to Big City Tropical's business operations at Big City's former business location.

52. Big City tropical has not paid sufficient consideration for Big City's business assets.

53. On information and belief, and as a consequence of the facts set forth in paragraphs 1-52 above, Big City and Big City tropical intended that Big City Tropical assume the benefits and burdens of Big City's business.

54. Big City Tropical is the successor of Big City, liable for the PACA trust obligations of Big City.

Count 10
(Interest and Attorney's Fees)

55. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 53 above as if fully set forth herein.

56. PACA and Plaintiff's invoices entitle Plaintiff to recover interest and attorney's fees in the event Defendants violated his obligation under PACA by failing to pay promptly for the produce supplied by Plaintiff.

57. Defendants' continued failure to make full payment promptly of $22,507.50 to Plaintiff entitles Plaintiff to attorney's fees, interest and costs incurred in enforcing the terms of the PACA trust and invoices.

WHEREFORE, Plaintiff requests the following relief:

Count 1 - Judgment against Defendant Big City Tropical in the amount of $22,507.50 plus interest at the rate of 4.98% per annum from December 1, 2006 plus the

amount of $300.00 and an Order prohibiting defendant Indumati Kothari from operating in the produce business until the reparation order is paid in full;

Count 2 - An order against all Defendants enforcing payment from the trust by requiring immediate payment of $22,507.50 to Plaintiff;

Count 3 - Judgment against all Defendants, jointly and severally, in the amount of $22,507.50 under the trust provisions of the PACA;

Count 4 - Judgment against Mauricio Rodriguez in the amount of $22,507.50;

Count 5 - Judgment against Stanley Forrest in the amount of $22,507.50;

Count 6 - Judgment against Jun Li in the amount of $22,507.50

Count 7 - Judgment against Marian Cohen in the amount of $22,507.50

Count 8 - Judgment against Indumati Kothari in the amount of $22,507.50

Count 9 – Judgment against Big City Tropical in the amount of $22,507.50

Count 10 - Judgment against all Defendants, jointly and severally, for prejudgment interest, costs and attorneys fees; and

All Counts - For such other relief as the court deems just and proper.

Dated this 5th day of September, 2007

Respectfully submitted

LAW OFFICES OF BRUCE LEVINSON

By: /s/ Bruce Levinson

Bruce Levinson (BL0749)
747 Third Avenue, 4th Floor
New York, New York 10017-2803
(212) 750-9898

and

Sarah Fry (SF7556)
McCARRON & DIESS
4900 Massachusetts Ave., N.W. Suite 310
Washington, D.C. 20016
(202) 364-0400

Attorneys for Plaintiff