UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

BLUE CREEK PRODUCE, LLC         :
                                :
                    Plaintiff   :
                                :   Civil No. 1:07-cv-07849-LTS
            v.                  :
                                :   **PRELIMINARY PRE-TRIAL**
BIG CITY PRODUCE, INC., et al   :   **STATEMENT**
                                :
                    Defendants  :


     Plaintiff, Blue Creek Produce, LLC, ("Plaintiff") by and through its undersigned attorneys, and Defendant, Indumati Kothari ("Defendant"), by and through her undersigned counsel, (Plaintiff and Defendant collectively referred to as "the Parties") jointly submit their Preliminary Pretrial Statement as follows:

**(a) Statement of the Nature of the Action**

     (1) <u>Plaintiff</u>: Plaintiff sold and delivered to Defendants in interstate commerce, $22,507.50 worth of wholesale quantities of produce, for which it has not been paid. At the time of receipt of the produce, Plaintiff became a beneficiary in a statutory trust under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c), designed to assure payment to produce suppliers; plaintiff properly preserved its interest in the PACA trust in the amount of $22,507.50 and remains a beneficiary until full payment is made for the produce.

     Defendants Mauricio Rodriguez, Stanley Forrest, Jun Li and Marian Cohen were the officers and directors of Big City Produce, Inc. who controlled the day-to-day operations of Big City Produce, Inc. and, were and are in positions of control over the PACA trust assets belonging to Plaintiff. Indumati Kothari is an individual doing business as Big City Tropical Produce Corp. ("Big City Tropical"). Big City Produce Inc. ceased operations in January 2007, and transferred PACA Trust assets to Defendant Big City Tropical.

     Plaintiff served process on Big City Produce, Inc. on September 14, 2007, Mauricio Rodriguez on October 15, 2007, and Indumati Kothari t/a Big City Tropical Corp. on November 20, 2007. None of these defendants have answered or filed any appearance, although Plaintiff has been in contact with Indumati Kothari and her attorney. Plaintiff has so far been unable to serve Defendants Stanley Forrest, Jun Li, and Marian Cohen.

     (2) <u>Defendant</u>:

Defendant has retained counsel and counsel will review the complaint and file an answer by March 14, 2008.

Indumati Kothari denies any involvement or knowledge of the produce transaction that Plaintiff alleges occurred.

Indumati Kothari denies any successor relationship between BigCity Tropical Corporation and Big City Produce, Inc.

Indumati Kothari has no relationship with nor has she ever met Defendants Mauricio Rodriguez, Stanley Forrest, Jun Li and Marian Cohen.

Indumati Kothari denies any and all allegations that PACA trust assets were transferred to her.

Upon information and belief, no PACA trust assets were ever transferred to Big City Tropical Corporation from Big City Produce, Inc.

**(b) Statement of Jurisdiction (including statutory citations)**

(1) <u>Plaintiff</u>:    Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c)(5) and 28 U.S.C. § 1331.

(2) <u>Defendant</u>:  Defendant does not dispute jurisdiction at this time.

**(c) Material Uncontested or Admitted Facts**

Defendant has recently retained counsel and, as noted above, will be answering the complaint by March 14, 2008.  After the answer is filed, the parties will amend this statement to reflect any uncontested or admitted facts.

**(d) Uncontested Legal Issues**

Defendant has recently retained counsel and, as noted above, will be answering the complaint by March 14, 2008.  After the answer is filed, the parties will amend this statement to reflect any uncontested legal issues.

**(e) Statement of Legal Issues to be Decided by the Court**

(1) <u>Plaintiff</u>:

1. Whether Kothari is liable for failure to pay a reparation award.[1]
2. Whether all defendants are liable for failure to pay trust funds to Plaintiff.
3. Whether all defendants are liable for failure to pay for goods sold by Plaintiff.
4. Whether Rodriguez, Forrest, Li, and Cohen unlawfully dissipated trust assets.
5. Whether Kothari unlawfully possessed and failed to pay PACA trust funds due to Plaintiff.
6. Whether Kothari is liable as a successor for receiving trust assets from Big City Produce, Inc.
7. Whether all defendants are liable for interest and attorneys' fees.

(2) Defendant:  After answering the complaint and asserting any counterclaims, cross-claims or third party claims, the defendant will supplement this statement with her statement of legal issues to be decided by the Court.

**(f) Statement of Material Disputed Facts**

All other facts are disputed at this time.

**(g) Statement of Legal Basis for Each Cause of Action**

Plaintiff asserts the following causes of action: failure to pay reparation award issued by Order of the Secretary under Section 7(b) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c) against Kothari; failure to pay trust funds to a beneficiary of the PACA against all defendants; failure to pay for goods sold; unlawful dissipation of PACA trust assets by a corporate official against Rodriguez, Forrest, Li, and Cohen; unlawful possession and failure to pay PACA trust funds and declaratory judgment against Kothari; successor liability against Kothari d/b/a Big City Tropical; and interest and attorneys' fees.

The legal basis for Plaintiff's claims arises under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c) and 7 U.S.C.§ 499g(b).  Congress intended ordinary principles of trust law to apply to the PACA trust, and an individual who is in a position to oversee the proper application of the PACA trust assets and who does not preserve the trust assets for the beneficiaries, for whatever reason and however innocent, has breached a fiduciary duty and is personally liable.  See Morris Okun, Inc. v. Harry Zimmerman, Inc., 814 F.Supp. 346 (S.D.N.Y. 1993) ("An individual who is in the position to control the trust assets and who does not preserve them for the beneficiaries has breached a fiduciary duty, and is personally liable for that tortious act"); Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 283 (9th Cir. 1997) ("We agree that individual shareholders, officers and directors of a corporation who are in a position to control PACA trust assets and who breach their fiduciary duty to preserve these assets may be held personally liable under the Act."); Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc., 27 F.Supp. 2d 723 (N.D.Tex. 1998) ("an individual shareholder, by failing to exercise any appreciable oversight of the corporation's management, breaches a fiduciary duty owed to the PACA creditors"); Bronia, Inc. v. Ho, 873 F.Supp. 854, 861 (S.D.N.Y. 1995) ("primary actor responsible for [the corporation's] failure to live up to its

---

[1] Big City has reopened the matter before the Secretary of Agriculture and Plaintiff will withdraw this count.

fiduciary responsibilities under the PACA" will be personally responsible for the corporations' breach of trust);  N.P. Deoudes, Inc. v. Snyder, (In re Snyder), 184 B.R. 473 (D.Md. 1995) (personal liability may be imposed on the controlling person of a corporation when trust assets are used for any purpose other than paying trust claims); Mid-Valley Produce Corp. v. 4-XXX Produce Corp., 819 F.Supp. 209 (E.D.N.Y. 1993) ("[A]n officer who causes a corporate trustee to commit a breach of trust which causes a loss of the trust is personally liable to the beneficiaries for that loss"); Larry Sheppard v. KB Fruit & Vegetable, Inc., 1994 W.L. 317477 (E.D.Pa. 1994) (shareholders, officers and directors, who appointed a manager to operate their business are personally liable to the PACA creditors for the breach of the trust primarily caused by the manager as a matter of law); In re Harper, 150 B.R. 416 (Bkrtcy. E.D.Tenn. 1993) (corporate officer found liable because "when there are fiduciary responsibilities of a corporation, it is the employee or officer responsible for implementing the fiduciary responsibilities who is liable for any acts of defalcation.")  In accord: A&J Produce Corp. v. CIT Group/Factoring, Inc., 829 F.Supp. 651 (S.D.N.Y. 1993); In re Paul Shipton, BAP No. CC-90-1366-OVP (unpublished Ninth Circuit Bankruptcy Appeal); Collins Bros. Corp v. Nix, (In re Nix), 1992 WL 119143 (M.D.Ga., April 10, 1992).

Additionally, receipt and retention of trust assets is unlawful.  The failure to segregate and pay trust assets is a diversion of receivables that frustrates the rights of PACA trust creditors to immediate payment, and places such creditors in the exact position that PACA was meant to prevent, i.e., an irreparable loss of trust assets because they cannot be recovered.  H.R. Rep. No. 543, 98th Cong. 2d Sess. 4 (1983), reprinted in 1984 U.S.C.C.A.N. 405, 411; Tanimura & Antle, Inc., 222 F.3d at 140; J. R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989); Continental Fruit v. Thomas J. Gatziolis & Co., 774 F. Supp. 449 (N.D. Ill. 1991); Gullo Produce Co., Inc. v. Jordan Produce Co., Inc., 751 F. Supp. 64 (W.D. Pa. 1990). Failure to maintain the trust and make full payment promptly to the trust beneficiary is unlawful.  7 U.S.C. § 499b(4).  Furthermore, agricultural merchants and dealers "are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities." 7 C.F.R. § 46.46(e)(1).  "Any act or omission inconsistent with this responsibility, including dissipation of trust assets, is unlawful and in violation of [7 U.S.C. § 499b]." Id.

With respect to the claims for interest and attorneys' fees, the parties' invoices entitle Plaintiff to recover its legal fees and costs incurred, as well as prejudgment interest, in addition to the principal amount due and owing of $22,507.50. See, e.g., Coosemans Specialties, Inc. v. Gargiulo, 485 F.3d 701, 709 (2d Cir. 2007); Country Best v. Christopher Ranch, L.L.C., 361 F.3d 629, 631 (11th Cir. 2004); Middle Mountain Land & Produce, Inc. v. Sound Commodities, Inc., 307 F.3d 1220, 1223 (9th Cir. 2002).

**(h) Statement of Legal Basis for Each Defense**

After answering the complaint and asserting any counterclaims, cross-claims or third party claims, the defendant will supplement this statement with the legal basis for each claim and/or defense.

**(i) Statement of Measure and Burden of Proof**

Plaintiff bears the burden to prove its claims by a preponderance of the evidence.

**(j) Amendments to Pleadings and/or Addition or Substitution of Parties**

Plaintiff: Amendment to the pleadings may be necessary.  Plaintiff suggests a deadline to amend of September 30, 2008 to which Defendant does not object.

Defendant: Defendant will answer the complaint by March 14, 2008.  Defendant may be asserting counterclaims, cross-claims and third party claims at that time.

**(k) Statement of Consent to Magistrate**

The parties consent to a Magistrate.

**(l) Disclosure Statements**

Disclosure statements will be made by April 21, 2008.

**(m) Subjects on Which Disclosure May be Needed and Discovery Cut-Off**

Plaintiff: The subjects of disclosure are those listed under Fed. R. Civ. P. 26(a)(1).

Plaintiff proposes a discovery cut-off of September 15, 2008.

Defendant:  Defendant does not object.

**(n) Expert Evidence and Proposed Deadlines for Expert Discovery**

Plaintiff:  Plaintiff requests a deadline of 30 days after fact discovery closes to serve any expert reports and that expert discovery close 30 days thereafter.

Defendant:  Defendant requests a deadline of 30 days after fact discovery to serve any expert reports and that expert discovery close 30 days thereafter.

**(o) Changes to Discovery Limitations**

Plaintiff:  Plaintiff proposes no changes to the discovery limitations under the Federal Rules of Civil Procedure and the Local Rules of Court.

**(p) Status of Settlement**

Settlement negotiations were initiated but were unsuccessful.

**(q) Statement re: Jury and Trial**

The parties estimate that this trial will require two (2) days.  A jury has not been demanded by Plaintiff.

**(r) Other Orders**

None.

Dated this 7th day of March, 2008.

| | |
|---|---|
| LAW OFFICES OF BRUCE LEVINSON | **KAYE SCHOLER LLP** |
| By:  /s/ Bruce Levinson | By:  s/Jeffrey A. Fuisz |
| | Jeffrey A. Fuisz (JF 4146) |
| Bruce Levinson (BL0749) | Shefali Kothari (SK 3358) |
| 747 Third Avenue, 4th Floor | |
| New York, New York 10017-2803 | 425 Park Avenue |
| (212) 750-9898 | New York, NY  10022-3598 |
| | Tel. (212) 836-8000 |
| Attorney for Plaintiff | |
| | Attorneys for Indumati Kothari |