RECEIVED 06/16/2008 16:11   2127502536   BRUCE LEVINSON
JUN 16 2008 17:19 FR                     TO 913125503536   P.02

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUN 2 5 2008

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

BLUE CREEK PRODUCE, LLC

    Plaintiff

    v.

BIG CITY PRODUCE, INC., et al

    Defendants

Civil No. 1:07-cv-07849-LTS

**CONSENT JUDGMENT
STIPULATION AND ORDER**

Plaintiff, Blue Creek Produce, LLC, ("Plaintiff") by and through its undersigned attorneys, and Defendant, Indumati Kothari, ("Defendant"), by and through her undersigned attorneys, (Plaintiff and Defendant collectively referred to as "the Parties") consent, agree and stipulate to the entry of Judgment and other relief as follows:

1. Plaintiff is a trust creditor under the provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c), against Defendant, Indumati Kothari on a debt in the principal amount of $22,507.50, plus interest in the amount of $6,410.71 and attorneys' fees in the amount of $16,000.00, for a total amount due of $44,918.21 ("PACA Amount Due").

2. To satisfy the forgoing PACA Amount Due, Defendant agrees to entry of a Judgment in favor of Plaintiff and against Defendant in the amount of $22,507.50 ("Judgment Amount"), payable to Plaintiff as follows: $5,000.00 immediately upon entry of this Consent Judgment, Stipulation and Order and $500.00 per month on the first day of each month, commencing on July 1, 2008, until the Judgment Amount is paid in full. All payments shall be made by check, deposit or wire transfer, payable to Blue Creek Produce, LLC and delivered to Blue Creek Produce, LLC, 303 West Main Street St. Charles, IL 60174 on or by the date payment is due.

1

RECEIVED 06/16/2008 16:11    2127502536    BRUCE LEVINSON
JUN 16 2008 17:19 FR                         TO 912127502536    P.03

3.  No execution shall issue upon this Judgment, nor shall Plaintiff take any action to collect or enforce the Judgment, including but not limited to recording, abstracting, or causing the issuance of writs or other process to enforce collection of the Judgment, so long as Defendant pays to Plaintiff the outstanding Judgment Amount as set forth in paragraph 2 in accordance with this Stipulation.

4.  Should Defendant default in any obligation hereunder, Plaintiff shall notify Defendant's counsel of such default and Defendant will have until 5:00 p.m. on the fifth calendar day following receipt of such notice to cure such default. Notice of any default will be made in writing and sent to Defendant's counsel via facsimile or overnight mail, with such notice to be effective upon delivery. Defendant's right to cure a default in making the payments as provided hereinabove shall be limited to two (2) such occurrences in any given calendar year. In the event that a default occurs because the funds necessary to honor the payment are unavailable or insufficient for any reason, Defendant's curative payment shall include all charges assessed by any financial institution as a consequence of the unavailability of the required funds.

5.  If Defendant defaults in the performance of any obligation under this Consent Judgment, Stipulation and Order and fails to cure the default as provided in paragraph 4 above, or if Defendant has defaulted and cured the default two (2) previous times in any given calendar year and defaults a third time in the same calendar year, Defendant shall be liable to Plaintiff for the PACA Amount Due, less any payments made by Plaintiff, together with all of Plaintiff's costs and reasonable additional attorneys' fees in this litigation subsequent to the date of this stipulation (including those incurred to determine additional costs and fees and any and all proceedings to determine such additional fees and costs).

RECEIVED 06/16/2008 16:11    2127502536    BRUCE LEVINSON
JUN 16 2008 17:20 FR                    TO 912127502536    P.04

6. The Parties' agreement to the payments set forth in paragraph 2 is without prejudice to Plaintiff's standing as a PACA trust creditor as set forth in paragraph 1, above. The original credit terms between the Parties are not intended to be modified, nor are they modified by this Consent Judgment, Stipulation and Order. Nothing herein, nor the installment nature of the payments being made hereunder, shall be deemed, interpreted or otherwise construed as an extension of credit by Plaintiff to Defendant, nor as a waiver of Plaintiff's rights under the PACA statutory trust as set forth in 7 U.S.C. § 499e(c), and Plaintiff's rights under this Consent Judgment, Stipulation and Order are in addition to its rights under said trust.

7. Upon receipt of the initial payment of $5,000.00 from Defendant, Plaintiff shall notify the Secretary of Agriculture that the Decision and Order entered on April 18, 2008 in favor of Plaintiff and against Big City Tropical Corp., File PACA E-R-2007-178, Docket R-08-038, has been satisfied, subject to the terms of this Consent Judgment, Stipulation, and Order. If Defendant defaults in the performance of any obligation under this Consent Judgment, Stipulation and Order and fails to cure the default as provided in paragraph 4 above, or if Defendant has defaulted and cured the default two (2) previous times in any given calendar year and defaults a third time in the same calendar year, Plaintiff reserves the right to revoke the notice of satisfaction of said Decision and Order.

8. All assets of Defendant derived directly or indirectly from produce sales are impressed with the PACA trust for Plaintiff's benefit until the Judgment stipulated herein is paid in full or Defendant complies with the terms of paragraph 2.

9. With the exception of the initial payment of $5,000.00, any amount paid by Defendant to Plaintiff at any given time shall be applied to the outstanding balance for the month in which such payment is received and any amount paid by Defendant in excess of that currently due

3

RECEIVED 06/16/2008 16:11  2127502536          BRUCE LEVINSON
JUN 16 2008 17:20 FP                             TO 912127502536   P.05

shall be applied to the subsequent consecutive months. There shall be no penalty against Defendant for pre-payment of the Judgment Amount or scheduled payments as set forth in paragraph 2.

10. Defendant shall be entitled to seek indemnification for the damages it incurred in this action from Ju Gil Joen, however nothing in this paragraph shall be deemed to limit Plaintiff's rights under this Stipulation.

11. Defendant neither admits nor denies liability for the actions which are the subject of this action.

12. Upon payment to Plaintiff of all sums required to be paid under this Stipulation, Plaintiff will promptly mark the Judgment satisfied.

13. This Consent Judgment, Stipulation, and Order may be executed by the Parties or by the Parties' authorized representative acting with active authority from their principal in Counterparts, and collectively all signed Counterparts represent one Agreement.

14. The Parties acknowledge having had the opportunity to discuss this Consent Judgment, Stipulation, and Order with their attorneys, and that they have availed themselves of that opportunity to the extent they have desired to do so. This Stipulation constitutes the entire understanding of the parties and may only be changed in a writing signed by counsel for all Parties.

15. The Court shall retain jurisdiction over the parties during the pendency of the application of this Order.

16. Plaintiff's waiver of rights against the co-defendants is conditioned upon Defendant complying with the terms of this Stipulation.

RECEIVED 06/16/2008 16:11    2127502536        BRUCE LEVINSON
JUN 16 2008 17:20 FR                        TO 912127502536    P.06

17. This Consent Judgment, Stipulation, and Order shall be governed by the laws of the state of New York.

Dated this 16th day of June, 2008.

| LAW OFFICES OF BRUCE LEVINSON | KAYE SCHOLER LLP |
|---|---|
| By: /s/ Bruce Levinson | By: /s/ Shefali Kothari |
| Bruce Levinson (BL-0749) | Jeffrey A. Fuisz (JF 4146) |
| Gregory Brown (GB-1977) | Shefali Kothari (SK 3358) |
| 747 Third Avenue, Fourth Floor | 425 Park Avenue |
| New York, New York 10017-2803 | New York, NY 10022-3598 |
| Tel. (212) 750-9898 | Tel. (212) 836-8000 |
| Attorneys for Plaintiff | Attorneys for Indumati Kothari |

This Consent Judgement, Stipulation and Order supersedes docket entry 18 and docket entry 19.

SO ORDERED.

/s/ Laura Taylor Swain  6/25/08
TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

5